605 P.2d 967

The STATE of Idaho, Plaintiff-Respondent,

v.

Ricardo Gino SHANACROPLOUS, Defendant-Appellant.

No. 12742.

Supreme Court of Idaho.

Jan. 31, 1980.

**790**

John C. Lynn, Boise, for defendant-appellant.

David H. Leroy, Atty. Gen., Boise, Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SHEPARD, Justice.

This is an appeal from the imposition of a criminal sentence and the refusal of the trial court to exercise its discretion to suspend the execution of the judgment and sentence and retain jurisdiction over the case pursuant to I.C. § 19–2601(4). We affirm.

Defendant Ricardo Gino Shanacroplous pled guilty to charges of first degree burglary and persistent violation of the law under the provisions of I.C. § 19–2514. Appellant was thereafter sentenced to a term not to exceed life imprisonment. Appellant does not assert error as to the judgment of conviction or the sentence imposed upon him, but rather his sole assignment of error is that the trial court abused its jurisdiction in failing to retain jurisdiction over the defendant for 120 days pursuant to I.C. § 19–2601(4).

Appellant argues that the evidence presented on behalf of the appellant at a mitigation hearing indicates that the appellant had embarked upon an attempt to rehabilitate himself, had employment, and could maintain that employment.

Conversely, it is to be noted that the appellant has spent most of his life, both as a juvenile and as an adult, in correctional institutions. The instant conviction is the eighth of appellant's adult life; his past record includes six burglary or grand larceny convictions and one escape conviction. Also, appellant was previously convicted and sentenced as a persistent violator of the law in 1961. In Idaho since 1952, appellant has been sentenced for various crimes to the Idaho State Correctional Institution to a total of sixty years incarceration. Appellant has been placed on parole six times.

Shortly after being apprehended for the instant crime, defendant-appellant voluntarily consulted a psychologist who testified that he believed appellant could be rehabilitated through counseling. On the other hand, the record discloses several previous psychiatric evaluations of appellant, none of which indicated any realistic hope of rehabilitation of a seasoned criminal.

We find no abuse of discretion. *E. g. State v. Powers*, 100 Idaho 614, 603 P.2d 569 (1979); *State v. Cotton*, 100 Idaho 573, 602 P.2d 71 (1979). The judgment of conviction and the sentence are affirmed.

DONALDSON, C. J., and BAKES, McFADDEN and BISTLINE, JJ., concur.