791 P.2d 38

STATE of Idaho, Plaintiff–Respondent,

v.

**Floyd A. SMITH, Defendant–Appellant.**

No. 18121.

Court of Appeals of Idaho.

May 3, 1990.

Rudolf D. Barchas, Boise, for appellant.

Jim Jones, Atty. Gen., by James E. Leuenberger, Deputy Atty. Gen., Boise, for respondent.

HURLBUTT, Judge Pro Tem.

Floyd Smith pled guilty to two counts of lewd conduct with a minor under I.C. § 18–1508. He was sentenced to concurrent fifteen-year terms, with two-year mini-mum periods of confinement. Smith's motion to reconsider his sentences was denied. I.C.R. 35. On appeal, Smith contends that the district judge abused his discretion in imposing the sentences and in refusing to reduce them.

We view these contentions as two aspects of the same sentencing issue. A lower court's denial of a Rule 35 motion for reduction of sentence will not be disturbed in the absence of an abuse of discretion based upon a review of the entire record and application of the same criteria used to determine the reasonableness of the original sentence. *State v. Allbee,* 115 Idaho 845, 771 P.2d 66 (Ct.App.1989). Those criteria focus on the nature of the offense and character of the offender.

Smith's convictions arose from multiple incidents involving his step-daughter, which occurred over a period of years, and separate contacts with two students in the Boise City Gymnastics program in which he was an instructor. The presentence report indicated he represents a high risk of repeat offenses. At sentencing, the district judge found that the primary goals in imposing the sentences were the protection of society and deterrence, rather than Smith's rehabilitation.

Smith bases his appeal on the claim that I.C. § 20–223(b)[1] will require him to serve the full fifteen years of the concurrent sentences and not just the two-year minimum terms of confinement, thereby committing him to an unduly harsh sentence under *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), and *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App. 1989). He argues that as a first time offender and a pedophile with strong treatment potential, he will receive no treatment in the penitentiary system. Smith contends his probable term of confinement likely will extend well beyond his minimum term be-

---

1. Idaho Code § 20–223 in relevant portion provides:

    (b) No person serving a sentence for ... committing a lewd act upon a child.... shall be released on parole except upon the examination and evaluation of one or more psychiatrists or psychologists ... and such evaluation shall be duly considered by the commission in making its parole determination.

    (c) ... A parole shall be ordered only for the best interests of society when the commission reasonably believes that the prisoner no longer poses a threat to the safety of society....

cause I.C. § 20–223 requires the Commission on Pardons and Parole to consider a psychiatric examination of offenders of this type and only allows parole on a finding that the Commission reasonably believes the prisoner no longer poses a threat to the safety of society. Therefore, he invites this Court to look to the entire unified sentences of fifteen years in determining his probable terms of confinement and use that full term as the benchmark for reviewing the reasonableness of his sentences.

While Smith has not previously been convicted of this type of offense, his multiple contacts with juveniles over a period of years underscore the danger he represents to the community. If, as Smith suggests, he will remain a danger to the community due to lack of rehabilitation, the answer obviously is not to shorten his sentences. Rather, it is to obtain treatment. A direct appeal from a sentence is not a proper mechanism for challenging an alleged lack of treatment in a correctional facility.

Notwithstanding the dilemma posed here, where little rehabilitation allegedly is available in the penitentiary and where I.C. § 20–223 places stringent requirements for Smith's possible release on parole, we do not find the sentences unreasonable. The two-year minimum periods of confinement are reasonable sanctions for the crimes committed, and the aggregate fifteen-year terms are reasonable outside limits of custody if Smith fails to demonstrate that he can be returned safely to the community at an earlier time. The need for protection of society is sufficiently compelling that this Court will not substitute its judgment for the discretion properly vested in the lower court.

Having reviewed the full record in light of the sentencing criteria set forth in *Toohill* and *Sanchez*, we find that the two year minimum terms of confinement followed by indeterminate terms of thirteen years are reasonable and the district judge did not abuse his discretion. The judgment imposing the sentences is affirmed.

BURNETT and SWANSTROM, JJ., concur.