805 P.2d 487

**STATE of Idaho, Plaintiff–Respondent,**

v.

**William Lee CALDWELL,
Defendant–Appellant.**

No. 18527.

Court of Appeals of Idaho.

Feb. 1, 1991.

Gregory A. Jones, Kootenai County Public Defender, Timothy H. Gresback, Deputy Public Defender, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

William Caldwell pled guilty to the robbery of a convenience store in Coeur d'Alene. On July 6, 1989, he was sentenced to fifteen years in the custody of the Board of Correction, with a minimum period of confinement of five years. I.C. § 19–2513. After retaining jurisdiction for one-hundred eighty days, the district court relinquished its jurisdiction. Caldwell appeals, contending that the district court abused its discretion: (1) by imposing an excessively long sentence; (2) by relinquishing its jurisdiction; and (3) by denying a motion to reduce the sentence. We affirm.

We note at the outset that the state questions the extent of the review available to Caldwell. The record shows that Caldwell's notice of appeal was filed within forty-two days of the order relinquishing jurisdiction. The period for appealing from the judgment of conviction was extended during the time the district court retained jurisdiction. I.A.R. 14. Consequently, we have jurisdiction to review both the sentence and the order relinquishing jurisdiction. Additionally, while this appeal was pending, Caldwell filed a motion with the district court for a reduction of his sentence. This request was made within one-hundred twenty days after the court relinquished jurisdiction and was therefore timely. I.C.R. 35. Because Caldwell suggests the court abused its discretion in denying this motion, we will review that ruling also, inasmuch as Caldwell's notice of appeal is deemed to include any order entered after the judgment from which the appeal was taken. I.A.R. 17(e)(C).

## I

Caldwell could have been sentenced to a maximum term of life imprisonment for the robbery. I.C. § 18–6501. Caldwell's fifteen-year sentence, from which he will be parole-eligible after serving five years, does not exceed the statutory maximum, and thus will not be disturbed unless an abuse of sentencing discretion is shown. State v. Hedger, 115 Idaho 598, 768 P.2d 1331 (Ct.App.1989). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. State v. Nice, 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." State v. Toohill, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; State v. Sanchez, 115 Idaho 776, 769 P.2d 1148 (Ct. App.1989). Thus, we will treat Caldwell's actual term of confinement as five years. In order to prevail on appeal, Caldwell must establish that, under any reasonable view of the facts, a period of confinement of five years for his conviction for robbery was an abuse of discretion.

When weighing the facts of a given case, we conduct an independent examination of the record. We focus upon the nature of the offense and the character of the offender. State v. Reinke, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). The facts surrounding the robbery may be briefly stated. Caldwell robbed a convenience store clerk of $172 in cash and food stamps. He committed the robbery by threatening the clerk with a handgun. The robbery was premeditated. The robbery had an adverse effect on the clerk, who

stated that, after the robbery, she continued to live in fear. She also reported that she had been threatened over the phone shortly after Caldwell was released on bail.

Caldwell was twenty-three years of age when he was sentenced in the present case for the Coeur d'Alene robbery. Caldwell's previous criminal record, as shown by his presentence report, is as follows. In 1985, charges against him of first degree burglary and grand theft were reduced to unlawful entry and petty theft. He received a jail sentence and was ordered to make restitution. In 1986, a charge of second degree burglary was reduced by plea agreement to petty theft. He received a fine, a suspended jail sentence and was placed on probation. A month later, he served a jail sentence for another petty theft. In 1987, he was arrested on a charge of manufacturing a controlled substance. That charge was reduced to possession of a controlled substance and he was placed on probation for one year under an order withholding judgment. Later the same year, he was arrested in Yakima, Washington, on three counts of second degree burglary, served time on one of those counts and the other two were dismissed. Pursuant to a plea bargain, another charge of grand theft was dismissed by the state in exchange for Caldwell's plea of guilty to this robbery. Finally, while he was out on bail in this case, he was charged with robbery, unlawful entry and with possession of drug paraphernalia in Spokane, Washington. During his sentencing hearing, Caldwell advised the court that the Spokane charges were in abeyance until the sentencing process had been completed in the present case.

In articulating its basis for Caldwell's sentence, the district court considered the need to protect society from Caldwell's conduct, the opportunity to deter others from the same type of conduct, the possibility of rehabilitation for Caldwell, and the necessity of arriving at an appropriate punishment or retribution for Caldwell's wrongdoing. The judge reviewed the presentence report and Caldwell's prior record. He admonished Caldwell that Caldwell needed to learn to obey the law, because his prior criminal activities showed disrespect for the law and an unwillingness to conform his conduct to the law. He also took note of Caldwell's responsibility for his wife and children, and considered Caldwell's educational background and his employment skills. The court determined that a sentence of fifteen years, with five years of required incarceration, should be imposed. However, because of the possibility of rehabilitation, the court decided to retain jurisdiction over the case, under I.C. § 19-2601(4), to preserve the opportunity to suspend the sentence later and place Caldwell on probation.

We believe the judge considered and applied the proper sentencing guidelines. He stated sound reasons to support his sentencing decision. In light of the sentencing criteria, Caldwell's sentence is reasonable. Accordingly, we hold that the district court did not abuse its discretion.

## II

■ We turn next to a review of the district court's decision to relinquish jurisdiction. Such a decision is a discretionary one; consequently, the standard for review is whether the lower court abused its discretion. *State v. Seiber*, 117 Idaho 637, 791 P.2d 18 (Ct.App.1989). Here, the record shows that the court initially retained jurisdiction for a period of one hundred and twenty days. Near the expiration of that period, the Department of Correction recommended that the court relinquish its jurisdiction. The Department reported that immediately prior to the scheduled review of Caldwell's progress under the retained jurisdiction program, Caldwell received a disciplinary offense citation for assisting another inmate in making alcoholic beverages inside the penal facility. Based upon that incident and evaluations by the staff, the Department suggested that "[t]he type of behavior and attitude [Caldwell] has displayed in the institution would soon lead to additional criminal activity if released on probation."

Nonetheless, the judge decided to extend the court's jurisdiction for an additional sixty days. Later, the court received an-

other report from the Department, again recommending release of jurisdiction. In this report, the Department disclosed that Caldwell recently had violated institutional rules by smuggling pornography into the facility. The report related that most of the staff evaluations were fairly negative and expressed strong doubts that Caldwell would be successful on probation. The report stated: "It appeared to the [Jurisdictional Review] Committee that he was continuing to blame others for his problem and unwilling to accept responsibility for his behavior. Based on his attitude, his behavior within the institution and considering the seriousness of his offense, the Committee again recommends the court drop jurisdiction."

Consistent with the Department's recommendation, the court entered an order relinquishing jurisdiction over Caldwell. In its order the court recited that it had reviewed the final report of the Jurisdictional Review Committee and had again considered Caldwell's presentence report. The court concluded that Caldwell's eventual release from custody could best be done at the discretion of the Parole Commission.

We have reviewed the reports submitted to the district court. We conclude that the district court's decision to relinquish jurisdiction over Caldwell was well-founded. We therefore hold there was no abuse of discretion by the district judge in relinquishing jurisdiction.

### III

 Finally, we consider the denial of Caldwell's Rule 35 motion to reduce his sentence, requested after the court relinquished its jurisdiction. A motion to reduce an otherwise lawful sentence is addressed to the sound discretion of the sentencing court. *State v. Forde*, 113 Idaho 21, 740 P.2d 63 (Ct.App.1987). Such a motion is essentially a plea for leniency, which may be granted if the sentence originally imposed was unduly severe. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App. 1984). The criteria for examining rulings on motions to reduce sentences under Rule 35 are the same as those applied in determining whether the original sentence was reasonable. *Lopez*, at 450, 680 P.2d at 872. If the sentence is not excessive when pronounced, the defendant must later show that it is excessive in view of new or additional information presented with his motion for reduction. If he fails to make this showing, we cannot say that denial of the motion by the district court represents an abuse of discretion.

Caldwell's motion to reduce his sentence was made as a plea for leniency in light of his rehabilitative progress while in the custody of the Board of Correction. Following hearing on the motion, the court was not persuaded to alter the sentence. In its order denying the motion, the court stated:

> The sentence imposed on July 6, 1989, was and is an appropriate sentence given William Lee Caldwell's social and criminal history and the crimes [sic] for which he was sentenced. A lesser sentence would depreciate the seriousness of William Lee Caldwell's crimes [sic]. I conclude that the sentence imposed was and is necessary for the protection of society.

In the instant case, Caldwell has presented no reasons—beyond those submitted in connection with the appeal of his sentence—to support his contention that the district court abused its discretion by not reducing his sentence. Having found that Caldwell's sentence is not excessive, we conclude that the district court did not abuse its discretion by denying Caldwell's Rule 35 motion. The order denying that motion will therefore be upheld.

In summary, the judgment of conviction for robbery, including the unified sentence of fifteen years with five years' minimum confinement, is affirmed, as are the orders of the district court relinquishing jurisdiction and denying Caldwell's motion to reduce his sentence.