813 P.2d 908

**STATE of Idaho, Plaintiff–Respondent,**

v.

**David GUNDERSON,
Defendant–Appellant.**

**No. 18988.**

Court of Appeals of Idaho.

June 27, 1991.

David N. Parmenter, Blackfoot, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen. and Jack B. Haycock, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

David Gunderson appeals from the district court's denial of a motion under I.C.R. 35 for reduction of his sentence for voluntary manslaughter. We affirm.

Gunderson initially was charged with first degree murder, I.C. §§ 18–4001, 18–4002, and 18–4003, and an enhancement for the use of a firearm in the homicide. I.C. § 19–2520. An amended information was later filed pursuant to a negotiated plea agreement, reducing the charge to voluntary manslaughter, I.C. § 18–4006(1), and dismissing the firearm enhancement allegation. The plea agreement expressly recognized that the sentence to be imposed would be at the discretion of the district court. Gunderson pled guilty to the amended charge.

At sentencing, the court was presented with information showing that Gunderson and the victim, Jeffery Hulse, were friends. They had been drinking and shooting a .22 rifle near an abandoned house in rural Bingham County. Gunderson related that the victim had entered the house and that Gunderson fired shots from the rifle into the house, in which the victim was standing, knowing that the victim was in the structure. Gunderson fired until he emptied the magazine and then went inside and found he had shot and killed Hulse. Gunderson called the sheriff to report the incident.

After considering the nature and circumstances of the crime, the character and background of the defendant, and the objectives of sentencing, the court imposed a

fifteen-year unified sentence with a fixed minimum ten-year term of confinement followed by a five-year indeterminate term. He timely filed a motion for reduction of the sentence under I.C.R. 35. The motion was denied following a hearing before the court. Gunderson then brought this appeal, contending the court abused its discretion by refusing to grant relief on the Rule 35 application.[1]

A Rule 35 motion essentially is a plea for leniency which may be granted if the sentence imposed was, for any reason, unduly severe. *State v. Matthews*, 118 Idaho 659, 798 P.2d 941 (Ct.App.1990). The motion is directed to the sound discretion of the sentencing court. *Id.* In reviewing the denial of a Rule 35 motion, the appellate court applies the same criteria used for determining the reasonableness of the original sentence. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). Gunderson's fifteen year sentence is within the maximum authorized by statute. I.C. § 18-4007. For the purposes of appellate review under the Unified Sentencing Act, the minimum period of confinement imposed by the sentence ordinarily will be treated as the probable measure of incarceration. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989).

In denying the Rule 35 motion, the sentencing court reviewed several items which appeared in the presentence report. That report showed that Gunderson was deliberately shooting into the house in which the victim was standing.[2] Gunderson had been drinking at the time of the shooting. He had a long history of alcohol and drug abuse, including several convictions for driving under the influence. He had a series of other convictions, including a burglary, a federal firearms violation, and a probation violation on that charge

which resulted from his possession of yet another firearm.

In imposing the sentence, the district court commented that "the record pretty much could show beyond a reasonable doubt that you brought the bead down on the back of your friend and shot him." The court noted that Gunderson was a marksman and that he shoots well. The court expressed concern about Gunderson's trouble with alcohol and firearms, and stated that Gunderson would continue to be a danger to society unless something was done about "the alcohol and firearm situation." The court found that Gunderson had the intent to kill when the victim was shot.

In denying the Rule 35 motion, the court stated that there was no question that Gunderson was shooting into the building where he knew the victim was located. The court further took note that the sentence imposed was less than the maximum sentence that could have been levied—a determinate or fixed period of confinement for the full fifteen years. The court considered Gunderson's prior record, the need to protect society, deterrence of the defendant and others, and the objectives of sentencing relating to rehabilitation and punishment. The court concluded that the sentence was just and should not be altered, leaving it to the Commission on Pardons and Parole to determine when Gunderson should be released into society.

The considerations given by the court—both at the original sentencing proceeding and at the hearing on Gunderson's motion to reduce his sentence—are in line with the recognized objectives of sentencing. Our scope of review of such determinations also is well settled. In *Toohill, supra,* we stated that

> [A] term of confinement is reasonable to the extent it appears necessary, at the

---

1. Gunderson filed an untimely appeal from the judgment of conviction and sentence. The Notice of Appeal was later amended to show that the appeal was from the denial of the Rule 35 motion.

2. The state argues that it was likely that Gunderson, an experienced marksman, aimed directly

at the center of the victim's head when the fatal shot was fired. The evidence showed that the victim was shot in the back of the head two inches to the left of the center of the head. Police test firings of Gunderson's weapon showed its sights were off by two inches to the left.

time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable. Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ.

103 Idaho at 568, 650 P.2d at 710. Having reviewed the record in this case, we conclude that the sentence imposed was reasonable. Consequently, we hold that the district court did not abuse its discretion in refusing to reduce the sentence upon Gunderson's Rule 35 motion. The order denying the motion is affirmed.