841 P.2d 456

STATE of Idaho, Plaintiff–Respondent,

v.

Ronnie Lee FENSTERMAKER, Defendant–Appellant.

No. 19888.

Court of Appeals of Idaho.

Nov. 2, 1992.

Alan E. Trimming, Ada County Public Defender, Richard D. Toothman, Deputy Ada County Public Defender, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Ronnie Lee Fenstermaker was charged by an amended information with attempted murder in the second degree and assault with intent to commit rape. I.C. §§ 18–4001, –4002, –4003, 18–306; I.C. §§ 18–901(b), –909. On February 7, 1992, he pled guilty to both of these charges. The district court sentenced Fenstermaker to a fifteen-year fixed term for attempted second degree murder and a consecutive indeterminate ten-year term for assault with intent to commit rape. Fenstermaker appeals contending that the fixed portion of his sentence for attempted murder is too long. We affirm.

On the morning of November 20, 1991, Fenstermaker drove by the victim twice while she was jogging on an isolated road in the Boise Foothills. When the victim jogged around a turn, she was confronted by Fenstermaker who had stopped his car and stood in the road pointing a handgun at her. After she stopped, Fenstermaker approached the victim and told her to get in his car. The victim refused, telling Fenstermaker that some people were waiting for her. Fenstermaker turned away, and at that point, the victim reached for the gun. During the ensuing struggle the gun fired. A bullet wounded the victim by passing through her left hand and lower left leg. The victim immediately ran down the road. While the victim was running away, Fenstermaker pointed the gun at her back and attempted to shoot; however, the gun misfired. The victim hid in a ditch while Fenstermaker drove past her. She eventually sought the aid of someone in a pickup who took her to the hospital.

The standards we apply in a sentence review are well settled. Fenstermaker has the burden to demonstrate that the district court clearly abused its discretion. *State v. Delin,* 102 Idaho 151, 627 P.2d 330 (1981). For purposes of our review we treat Fenstermaker's fifteen-year fixed term of incarceration as the period of con-

finement. *State v. Kysar,* 116 Idaho 992, 999, 783 P.2d 859, 866 (1989). In order to demonstrate that the court clearly abused its discretion, Fenstermaker must show that the fifteen-year term is unreasonable. *State v. Broadhead,* 120 Idaho 141, 814 P.2d 401 (1991). A sentence is unreasonable if it is longer than necessary to accomplish the four goals of sentencing. *Id.; State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). We will focus upon the nature of the crime and Fenstermaker's character. *State v. Shideler,* 103 Idaho 593, 651 P.2d 527 (1982).

Fenstermaker contends that a period of retained jurisdiction within a shorter fixed term of incarceration would accomplish the primary sentencing goal of protecting society as well as the related goals of retribution, rehabilitation and deterrence. Fenstermaker asserts that a shorter fixed term is all that is necessary because he has genuine remorse for the crimes, he is motivated to undergo treatment and rehabilitate himself and has the mental ability to do so, and he does not think that extended incarceration would be beneficial for him. Fenstermaker urges this court to reduce the fixed portion of his sentence from fifteen to four years.

The state contends that the district court did not abuse its discretion. Fenstermaker admitted that had the victim complied with his request to get in his car, he would have raped her and then killed her to eliminate a potential witness. The psychologist who evaluated Fenstermaker concluded that Fenstermaker is not a good candidate for verbal psychotherapy and that he learns best from behavioral consequences. The therapist also reported that Fenstermaker expressed disbelief regarding the seriousness of the crimes he had committed and expressed feelings of self-victimization.

Based upon the court's conclusion that probation was not a viable alternative in this case, the court refused to grant Fenstermaker's request to retain jurisdiction. The court relied on its conclusion as well as that of the psychologist that Fenstermaker was not a good candidate for

verbal therapy. The court did not clearly abuse its discretion in refusing to retain jurisdiction. *State v. Shanacroplous,* 100 Idaho 789, 605 P.2d 967 (1980). Although we agree with Fenstermaker's assertion that he is in need of rehabilitation, it is not the only sentencing goal to consider.

The court stressed the need to protect society and the need to punish Fenstermaker due to the seriousness of the crimes. The court noted that Fenstermaker did not have a long prior record, but that the record he had was quite serious. Fenstermaker's prior record included two lewd and lascivious conduct charges, one being dismissed, though he admitted the conduct to the psychological evaluator, and the other being reduced to injury to a child. He had also been convicted of carrying a concealed weapon and numerous traffic related offenses.

Based upon the very serious nature of these two offenses, the need to protect society, and in light of the other three sentencing goals, we cannot conclude that Fenstermaker's sentences are unreasonable. We affirm the judgment of conviction and sentences imposed.

WALTERS, C.J., and SILAK, J., concur.