843 P.2d 166

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Genero CARDONA, Defendant–Appellant.**

**No. 19870.**

Court of Appeals of Idaho.

Dec. 1, 1992.

**18**

David N. Parmenter, Blackfoot, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Genero Cardona was convicted of felony DUI and sentenced to serve five years in the custody of the Board of Correction, including a minimum period of two years' incarceration. Recognizing that his sentence was within the five-year statutory maximum, *see* I.C. §§ 18–8004, 18–8005(5), Cardona sought a reduction under I.C.R. 35, arguing that his sentence was excessive under the circumstances. The district court denied the motion and Cardona filed this appeal. For the reasons stated below, we affirm.

A motion to reduce an otherwise lawful sentence is addressed to the sound discretion of the sentencing court. I.C.R. 35; *State v. Hooper*, 119 Idaho 606, 809 P.2d 467 (1991); *State v. Forde*, 113 Idaho 21, 740 P.2d 63 (Ct.App.1987). Such a motion essentially is a plea for leniency, which may be granted if the sentence originally imposed was unduly severe. *State v. Caldwell*, 119 Idaho 281, 805 P.2d 487 (Ct.App. 1991); *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). The denial of a motion for reduction of sentence will not be disturbed absent a showing that the court abused its sentencing discretion. An abuse of discretion may be found if the sentence is demonstrated to be unreasonable under the facts of the case. *State v. Morrison*, 119 Idaho 229, 804 P.2d 1360 (Ct.App.1991); *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982).

The criteria for examining rulings denying the leniency requested are the same as those applied in determining whether the original sentence was reasonable. *State v. Gunderson*, 120 Idaho 97, 813 P.2d 908 (Ct.App.1991); *Lopez*, 106 Idaho at 450, 680 P.2d at 872. A sentence of confinement will be upheld as reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). In reviewing the reasonableness of a sentence, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App. 1989). In Cardona's case, this period is two years. To establish that his sentence was improper, Cardona must show that, in light of the governing criteria, the sentence was excessive under any reasonable view of the facts. *State v. Small*, 107 Idaho 504, 690 P.2d 1336 (1984). In reviewing the reasonableness of a given sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Young*, 119 Idaho 510, 808 P.2d 429 (Ct. App.1991); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

If the sentence is not excessive when pronounced, the defendant must show that it is excessive in view of new or additional information presented with his motion for reduction. *State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct.App.1991). This information may include evidence of the defendant's rehabilitation progress during the period of the district court's retained jurisdiction. *See Brandt v. State*, 118 Idaho 350, 796 P.2d 1023 (1990). If the defendant fails to make this showing, we cannot say that denial of the motion by the district court represents an abuse of discretion. *Hernandez*, 121 Idaho at 117, 822 P.2d at 1014.

The instant offense, committed in June of 1990, was Cardona's fourth DUI conviction since 1984. The district court

released Cardona on his own recognizance pending sentencing, and granted him limited driving privileges on the express condition that he not consume any alcohol. Before he was sentenced, however, Cardona was arrested for another DUI violation. The presentence investigation report (PSI), prepared for the benefit of the district judge, reveals Cardona's history—five DUI's since 1984—and his criminal record includes two felony convictions, which occurred over a decade earlier, and several misdemeanors. The PSI further indicates that Cardona had been granted probation on three other occasions in the past, and also that he completed an in-patient alcohol treatment program in 1987.

Based on this record, the district court imposed a unified sentence of five years, including a two-year minimum term of confinement. The court retained jurisdiction, however, and ordered Cardona transported to the correctional facility at Cottonwood for further evaluation of his rehabilitative potential and his suitability for an in-patient substance abuse program. At the sentencing hearing, the court explained its decision as follows:

Mr. Cardona, sir, the Court is considering the nature of the offense here and punishment and deterrence, protection of society, and whether or not you're a fit candidate to be placed on probation. I've also considered the pre-sentence investigation report and the attachment to it and your comments, sir, and the comments of the attorneys.

Of concern to the Court obviously is that while you were awaiting sentencing on this charge, you were arrested for another DUI. And it kind of appears to me that you're in a state of denial that when you're arrested for these types of offenses, you don't want to come out and say I had too much to drink, I shouldn't have been driving. You seem to have excuses. I think you have to get a grip on your problem and get out of this denial state. I know the retained jurisdiction program, they do have a—it's a relatively new program, a 21-day in-patient treatment program if you complete the retained jurisdiction program. And I

think right now, sir, you're a prime candidate for a retained jurisdiction program as [the prosecuting attorney] has recommended, so that's what I'm going to do, sir, maybe with a little modification.

This transcript excerpt shows that the court focused on the appropriate factors when it sentenced Cardona. Based on the record as it existed at the time of sentencing, we conclude that Cardona's sentence was not excessive, but was reasonable under the circumstances.

After sentencing, Cardona was transported to the correctional institution at Cottonwood where he was evaluated by the correctional staff. The final report of the Jurisdictional Review Committee observed that Cardona's behavior and attitude rated "fair to good," that he did not present a behavior problem, and that he had submitted an appropriate probation plan. However, the Committee remained unconvinced that these positive aspects outweighed Cardona's extensive DUI record. It seriously questioned whether Cardona could successfully quit drinking and succeed on probation given the fact that he had previously undergone alcohol treatment, yet had failed to abstain from drinking and driving. For these reasons, the Committee concluded that Cardona was not a good candidate for probation and recommended that the court relinquish jurisdiction. After receiving the report, the district court took the matter under advisement. Ultimately, however, the court decided to deny probation and terminate its jurisdiction.

Thereafter, Cardona filed a motion for reconsideration of his sentence. At the hearing on the motion, he argued that the denial of probation was unreasonable in light of the favorable evaluations he received from the staff members at Cottonwood, and that continued probation on intensive supervision or local incarceration would have been better alternatives. He further contended that, given his solid work history and the fact that he was supporting his invalid mother, with whom he was living at the time, the court should release him to a work center or, at the least, reduce the fixed period of his confine-

ment. The district court considered this additional information, but was persuaded that Cardona's lengthy DUI record, the fact that he had reoffended while on release, and the recommendation of the Jurisdictional Committee, all indicated that society would be best protected by denying probation. The court resolved to deny the leniency requested and to stand by the original sentence.

Having independently reviewed the additional, post-sentencing information presented by Cardona, we remain unpersuaded that Cardona's sentence was unreasonable. Accordingly, we find no abuse of discretion. The district court's order denying Cardona's motion for reduction is, therefore, affirmed.

SWANSTROM and SILAK, JJ., concur.