848 P.2d 451

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Anthony Lane WIELKIEWICZ, Defendant–Appellant.**

**No. 19950.**

Court of Appeals of Idaho.

March 2, 1993.

Alan E. Trimming, Ada County Public Defender, Mark F. Stewart, Deputy Public Defender, Boise, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Acting Judge.

Anthony Lane Wielkiewicz pled guilty to one count of infamous crime against nature, I.C. § 18–6605; first degree kidnapping, I.C. §§ 18–4501, 02; and forcible sexual penetration with a foreign object, I.C. § 18–6608. For each of these crimes an indeterminate life sentence was imposed with twenty-one years fixed. Wielkiewicz also pled guilty to first degree burglary, I.C. §§ 18–1401, 02, 04; attempted rape, I.C. §§ 18–6101, 18–306; and a second count of forcible sexual penetration with a foreign object, I.C. § 18–6608. For each of these crimes he received a determinate sentence of fifteen years to run concurrent with the twenty-one year sentences. Wielkiewicz appeals from the judgment of conviction and sentences imposed. He also appeals the district court's denial of his Rule 35 motion. Wielkiewicz argues that the district court failed to properly consider mitigating circumstances and denied his Rule 35 motion without adequately considering his progress while incarcerated and his chance for further rehabilitation. We affirm.

## FACTS

The facts in this case can be briefly stated. After an evening of drinking intoxicants and smoking marijuana Wielkiewicz broke into the victim's home about 2 a.m. He awoke the victim and taped her eyes with duct tape. Wielkiewicz demanded that she undress and attempted to rape her but failed because he could not maintain an

erection, however, he inserted his fingers in the victim's vagina. Wielkiewicz then required her to insert her own fingers and later to insert a seven inch "glue stick" into her vagina. Wielkiewicz straddled her chest and ordered her to perform fellatio. At one point Wielkiewicz grabbed the victim by the hair, put his hands around her neck, and threatened to kill her. The episode lasted approximately two hours, during which time Wielkiewicz tied the victim to the bed with a dog leash. When Wielkiewicz fell asleep the victim escaped to a neighbor's home and called the police. She was transported to a hospital for examination. A physician later reported that the trauma to her vagina was the worst he had seen of any rape victim.

When the police arrived they found Wielkiewicz asleep in the victim's bed. Wielkiewicz waived his Miranda rights and confessed. He was indicted on the six charges and as a persistent violator. Wielkiewicz pled guilty to the above charges in exchange for the state dropping the persistent violator allegation and not filing another sexual assault charge. A presentence investigation report (PSI) was prepared and a sentencing hearing was held. After sentencing Wielkiewicz filed a Rule 35 motion which was denied. Wielkiewicz appeals his sentences and the denial of his Rule 35 motion.

## STANDARD OF REVIEW

In reviewing a sentence, if it is not illegal, the defendant has the burden to prove the sentence unreasonable, and thus a clear abuse of discretion. *State v. Broadhead*, 120 Idaho 141, 144–45, 814 P.2d 401, 404–05 (1991). A sentence of confinement is reasonable if, based upon the facts of the case, it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982); *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982).

Under the Unified Sentencing Act, we treat the fixed period of confinement as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Because the fifteen year terms are concurrent we view Wielkiewicz's actual term of confinement as twenty-one years. Thus, Wielkiewicz must establish that under any reasonable view of the facts this period was an abuse of discretion. On review of a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982).

The denial of a Rule 35 motion is reviewed on the same bases as an original sentence, *State v. Smith*, 117 Idaho 657, 658, 791 P.2d 38, 39 (Ct.App.1990), allowing for any additional or new evidence presented. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct.App.1987). Therefore, the following analysis will apply to both aspects of Wielkiewicz's appeal.

## ANALYSIS

Wielkiewicz argues that the sentences imposed by the district court were unreasonable under the circumstances; that his alcohol and drug abuse problems were not properly addressed; that rehabilitation was not adequately considered; and that the protection of society was overly emphasized considering he did not kill his victim and the economic costs to society of his incarceration.

The nature of these crimes are, as indicated by the record and by the district court's statement, one of "terror," "aggression," "violence," "power and intimidation." The PSI indicates the character of Wielkiewicz by showing a criminal record which started as a juvenile in New York and culminated in the present offenses. His record includes numerous felony burglaries, controlled substance violations and lewd conduct. The record also indicates that Wielkiewicz had been involved in alcohol and drug abuse treatment.

The PSI reveals that Wielkiewicz was offered substance abuse treatment in the past but failed to complete the program. Without notice, Wielkiewicz left an in-house treatment program before completion. The staff indicated Wielkiewicz had a problem which he was unable to resolve before his departure. In a subsequent substance abuse evaluation he denied an alcohol abuse problem; the evaluator recommended a one-year outpatient program, however, the record does not show that Wielkiewicz complied with the recommendation. Now, Wielkiewicz admits to a substance abuse problem which he argues the district court failed to consider as directed by our Supreme Court in *Nice,* 103 Idaho at 91, 645 P.2d at 325. We disagree. The district court specifically considered Wielkiewicz's intoxication at the time of the attack as a mitigating factor and his past contacts with substance treatment programs.

Wielkiewicz's past contacts with substance abuse treatment have been in the context of criminal prosecutions and were designed through probation to afford him rehabilitation. The PSI reveals these attempts at rehabilitation as failures. Apparently, the district court was convinced that the sentences and rehabilitation efforts in the past had not deterred Wielkiewicz's criminal behavior, therefore there was a need to protect society from his continued criminal conduct. The PSI indicates that Wielkiewicz's criminal activity was not altered by these opportunities for rehabilitation.

In pronouncing these sentences, the court appropriately considered the nature of the offenses, the character of the offender, and the sentencing objectives. In addition, the court specifically gave mitigating value to the fact that Wielkiewicz had not killed the victim. In light of the sentencing criteria addressed by the district court, we hold that the sentences are reasonable even considering the additional evidence that Wielkiewicz has made some institutional adjustment during the first nine months of his sentence.

The judgment of conviction and sentences imposed for the six counts, and the order denying Wielkiewicz's Rule 35 motion are affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.