855 P.2d 472

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert DECHENNE, Defendant–Appellant.**

**Nos. 19857, 19858.**

Court of Appeals of Idaho.

June 25, 1993.

Alan E. Trimming, Ada County Public Defender; Richard D. Toothman, Ada County Deputy Public Defender, Boise, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A. I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Robert E. Dechenne was charged with third degree arson, I.C. § 18–803; destroying livestock, I.C. § 18–7038; four counts of first degree burglary, I.C. §§ 18–1401, 18–1402, 18–1404; and four counts of grand theft, I.C. §§ 18–2403(1), 18–2407(1). Pursuant to a plea agreement, Dechenne pled guilty to third degree arson, destroying livestock, two counts of first degree burglary, and three counts of grand theft. The remaining charges were dismissed. At the sentencing hearing, the district court declined to retain jurisdiction and imposed concurrent sentences as follows: (1) for third degree arson, three years fixed; (2) for destroying livestock, three years fixed; (3) for two counts of burglary, unified terms of fifteen years with five years fixed; and (4) for three counts of grand theft, unified terms of fourteen years with five years fixed.

Dechenne has appealed from the imposition of his sentences. The sole issue on appeal is whether the district court abused

its discretion by refusing to retain jurisdiction as authorized by I.C. § 19–2601(4). We affirm.

 We apply a "clear abuse of discretion" standard to review a trial court decision against retaining jurisdiction. *State v. Bartholomew*, 102 Idaho 106, 625 P.2d 1109 (1981); *State v. Shanacroplous*, 100 Idaho 789, 605 P.2d 967 (1980). Probation is the ultimate objective sought by defendants who ask a court to retain jurisdiction. Therefore, refusal to retain jurisdiction will not be deemed a "clear abuse of discretion" if the trial court has sufficient information to determine that a suspended sentence and probation would be inappropriate under the criteria set forth in I.C. § 19–2521. *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct.App.1982). The statute provides, in part, that a sentence of imprisonment, rather than probation, may be imposed if:

(a) There is undue risk that during the period of a suspended sentence or probation the defendant will commit another crime; or ...

(d) Imprisonment will provide appropriate punishment and deterrent to the defendant; or ...

(f) The defendant is a multiple offender or professional criminal.

I.C. § 19–2521(1).

By pleading guilty to the charges in the information, Dechenne admitted to committing arson which caused approximately $55,000 worth of damage to baled hay and straw, shooting and killing two cows, wounding ten to twelve other cattle, and burglarizing vehicles belonging to his father and others. Dechenne was eighteen years old at the time he was sentenced. The presentence investigator concluded that Dechenne had serious behavioral problems, difficulty conforming to socially acceptable behavior and a predisposition to become involved in crimes such as the instant offenses. The presentence investigator recommended incarceration. The district court considered the magnitude and the number of offenses Dechenne had committed, along with possible mitigating factors, and concluded that Dechenne present-ed a continued risk to the public for repeat offenses of the same or more serious nature. The court also noted that Dechenne had shown deliberate cruelty and viciousness in committing these crimes and endangered the livelihood of at least two families through the destruction of property. In light of the severity of Dechenne's crimes, the district court concluded that probation was not an appropriate alternative. Under these circumstances, we hold that the district court did not abuse its discretion in refusing to retain jurisdiction over Dechenne.

The judgments of conviction and sentences are affirmed.