859 P.2d 970

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Larry ADAMS, Defendant–Appellant.**

**No. 20474.**

Court of Appeals of Idaho.

Sept. 17, 1993.

Knowlton, Miles, Merica & Brudie, P.A., Jeff M. Brudie, Lewiston, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

LANSING, Judge.

This is an appeal from the denial of Larry Adams' I.C.R. 35 motion for reduction of sentence. We affirm.

Adams pled guilty to the charge of lewd conduct with a minor, I.C. § 18–1508. Upon the entry of the plea, Adams admitted that he had engaged in genital to genital contact with his ten-year-old stepdaughter on July 2, 1992. The district court ordered a sexual abuse assessment and a presentence report, and the matter was scheduled for sentencing. The court sentences Adams to a fixed term of five years, to be followed by an indeterminate term of fifteen years in the custody of the Board of Correction. No direct appeal was taken from the judgment of conviction and sentence, but Adams filed a Rule 35 motion with the district court requesting a reduction of his sentence. The court denied the motion without a hearing.

A motion to reduce an otherwise lawful sentence is addressed to the sound discretion of the sentencing court. *State v. Forde*, 113 Idaho 21, 740 P.2d 63 (Ct.App. 1987). Such a motion is essentially a plea for leniency, which may be granted if the sentence originally imposed was unduly severe. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). The scope of review of a denial of a Rule 35 plea for leniency involves the application of the same criteria used to determine the reasonableness of the original sentence, focusing on the nature of the offense and the character of the offender. *State v. Smith*, 117 Idaho 657, 791 P.2d 38 (Ct.App.1990).

Adams argues on appeal that the district court erred in ordering five to twenty years' incarceration rather than affording Adams treatment through either a period of retained jurisdiction or a period of incarceration in the county jail. The district court, however, explained that Adams was a danger to society and that this was "not a case where you should be released until you commit another crime against another minor."

Adams was twenty years of age at the time of the offense. According to Adams'

statement to the presentence investigator, he had himself been a victim in several episodes of sexual abuse. Adams had a history of mental health problems that had led to two separate admissions to the State Hospital South in Blackfoot. He had also undergone treatment for alcoholism. As a juvenile, Adams had been committed to the Youth Services Center at St. Anthony. About one year prior to the instant offense, Adams had been convicted of making obscene telephone calls as well as other misdemeanors. The sexual abuse assessment concluded that Adams presented a risk of reoffending. In light of Adams' history and the results of the sexual abuse evaluation, the district court acted within its discretion in ordering a sentence that was well within the limits prescribed by I.C. § 18–1508. The sentencing goal of protecting society justified a prison sentence. *State v. Howard*, 112 Idaho 110, 730 P.2d 1030 (Ct.App.1986); *see generally State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982), notwithstanding that Adams could perhaps benefit most from sexual offense treatment available only outside the penitentiary setting.

We conclude that Adams' sentence was not excessive when pronounced. The Rule 35 motion, which was based upon the same files and records that had been available to the court at the sentencing hearing, failed to demonstrate that the sentence constituted an abuse of discretion. We affirm the order denying a reduction of Adams' sentence.

WALTERS, C.J., and WINMILL, J. pro tem, concur.