896 P.2d 995

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Dale H. VIEHWEG, Defendant–Appellant.**

**No. 21457.**

Court of Appeals of Idaho.

June 6, 1995.

89

Dial, Looze & May, Pocatello, for appellant.

Alan G. Lance, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

PER CURIAM.

Dale H. Viehweg pled guilty to lewd conduct with a minor under the age of sixteen, a felony, I.C. § 18–1508. He received a unified twenty-year sentence with a minimum period

of confinement of five years. Viehweg appeals from the judgment of conviction and sentence and from the district court's denial of his I.C.R. 35 motion. For the reasons set forth below, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

Dale Viehweg and his wife adopted J.M. when she was eleven years old, after she had been sexually abused by a family member and abandoned. At the time of the adoption, the Viehwegs were aware of the prior abuse. The Viehwegs stated that while J.M. was in their home, she caused on-going problems. Approximately a year after the adoption, Dale Viehweg began spending a great deal of time with J.M. for the purpose of "solving these problems." It was at this time that he began sexually abusing her.

After J.M. had lived with the Viehwegs for over three years, Viehweg took J.M. to see Darrell Skinner at the Idaho Department of Health and Welfare for the purpose of helping her deal with problems she was experiencing at school. J.M. then told Skinner of the sexual abuse by Mr. Viehweg, explaining that Viehweg would pay her money in exchange for her compliance with his sexually-related requests. J.M. further stated that Viehweg often watched her while she was naked, fondled her breasts, placed his fingers inside of her vagina and, on at least two occasions, inserted his penis into her vagina. Viehweg acknowledged that J.M.'s allegations were true. J.M. was fourteen and one-half years of age at the time of the disclosure. She had lived in the Viehwegs' home for three and one-half years, and the abuse took place during approximately the last two years. At the time of the disclosure, Viehweg was sixty years old, and this was his first felony offense.

Viehweg was charged with rape and with lewd conduct with a minor under the age of sixteen. Pursuant to a plea agreement, he pled guilty to the charge of lewd conduct, and the state dismissed the rape charge. The district court ordered a presentence investigation report (PSI). Dr. Gary Horton, a licensed counselor, was asked to evaluate Viehweg. After his first visit, Viehweg elect-

ed not to continue counseling with Dr. Horton, and chose to be evaluated by William McKee. McKee's comments were included by the investigator in the PSI.

Both the presentence investigator and the state recommended incarceration, while Viehweg asked the court to consider either withholding judgment or retaining jurisdiction for the purpose of placing him on probation. The district court entered a judgment of conviction and imposed the sentence on June 7, 1994. Thereafter, Viehweg filed a motion to reconsider his sentence under I.C.R. 35 on June 21, 1994, and a motion for a psychological evaluation on June 23. The court denied the motion for the psychological evaluation on July 11, 1994, and, after a hearing, denied the Rule 35 motion on September 13, 1994. Viehweg timely appealed from the judgment of conviction and the order denying his Rule 35 motion.

### ISSUES

Viehweg raises several issues. He claims that (1) the district court abused its discretion when imposing the sentence because the court did not order a psychological evaluation for either the PSI or for consideration at the Rule 35 hearing; (2) the court erred when it refused to retain jurisdiction; (3) the court's admission of allegations made by one of Viehweg's biological daughters, which were included in the PSI and provided again by testimony at the sentencing hearing, was in error; and (4) the sentence imposed was excessive and was therefore illegal.

### ANALYSIS

I. PSYCHOLOGICAL EVALUATION
A. PSI

Viehweg argues that the district court abused its discretion by imposing a sentence without ordering and reviewing a psychological evaluation. He claims that a letter written by William McKee, which was attached to the PSI, states that Viehweg needed to be tested by "someone competent to do so." Viehweg also argues that the court should have reviewed a psychological evaluation when it considered his Rule 35 motion.

The presentence investigator may recommend a psychological evaluation, but the final determination whether to obtain such an evaluation lies within the sentencing court's discretion. I.C.R. 32(d); *State v. Wolfe*, 124 Idaho 724, 726, 864 P.2d 170, 172 (Ct.App.1993). A psychological evaluation is not required in every case where the court orders a presentence investigation report. *State v. Whitman*, 96 Idaho 489, 491, 531 P.2d 579, 581 (1975); *Wolfe*, 124 Idaho at 726, 864 P.2d at 172. When no objection has been made to a presentence report at the sentencing hearing, and the report substantially addresses the points required by court rule, we will not review a challenge to the report raised for the first time on appeal. *State v. Thacker*, 98 Idaho 369, 370, 564 P.2d 1278, 1279 (1977); *Wolfe*, 124 Idaho at 726, 864 P.2d at 172. There is an exception to this rule, however. If there is shown a manifest disregard for the provisions of I.C.R. 32, the questions concerning the presentence report may be reviewed on appeal even if no objection was made below. *State v. Toohill*, 103 Idaho 565, 566, 650 P.2d 707, 708 (Ct.App. 1982).

According to the PSI, Viehweg did not cooperate with the investigator's attempt to have an evaluation prepared by a court-approved counselor. The investigator elected, however, to attach the evaluation prepared by Viehweg's chosen counselor, McKee. During the sentencing hearing, Viehweg presented corrections to the PSI, addressing statements made by his children and supposedly by himself. He also commented that he believed the PSI was biased and unfair. At no time during the sentencing hearing did Viehweg object to the fact that a psychological evaluation had not been conducted, nor did he ask for such an evaluation. In addition, Viehweg has not argued in his appellate brief that the PSI was prepared in such a manner as to disregard the provisions of I.C.R. 32. Consequently, Viehweg's challenge to the adequacy of the presentence report because the report lacked a psychological evaluation must be disregarded. *State v. Lavy*, 121 Idaho 842, 845, 828 P.2d 871, 874 (1992).

**B. Rule 35 Motion**

Viehweg next argues that the court did not order and consider a psychological evaluation when reviewing his I.C.R. 35 motion to reduce his sentence.

The decision whether to reduce a sentence rests in the sound discretion of the sentencing court. *State v. Arambula*, 97 Idaho 627, 630, 550 P.2d 130, 133 (1976); *State v. Lopez*, 106 Idaho 447, 450, 680 P.2d 869, 872 (Ct.App.1984). The appellate court's scope of review includes all information submitted at the original sentencing hearing and proffered with respect to the Rule 35 motion. *State v. Araiza*, 109 Idaho 188, 706 P.2d 77 (Ct.App.1985). A lower court's denial of a Rule 35 motion for reduction of sentence will not be disturbed in the absence of an abuse of discretion, based upon a review of the entire record and application of the same criteria used to determine the reasonableness of the original sentence. *State v. Smith*, 117 Idaho 657, 658, 791 P.2d 38, 39 (Ct.App.1990).

Having reviewed the record before us, we hold that the district court had sufficient information upon which to arrive at the sentence it imposed. The court did not abuse its discretion when it denied Viehweg's Rule 35 motion without considering a psychological evaluation.

## II. RETAINED JURISDICTION

Viehweg claims that the court erred in refusing to retain jurisdiction for the purpose of further evaluating him for probation. He asserts that the court denied him probation because it possessed insufficient information at the time of sentencing. Viehweg further argues that the court did not take into consideration that he was a first-time offender, had no previous criminal record except traffic violations and had been released on his own recognizance until the sentencing hearing.

In determining whether to grant or deny probation, the district court must consider:

(1) all of the facts and circumstances surrounding the offense of which the defendant is convicted;

(2) whether the defendant is a first offender;

(3) the previous actions and character of the defendant;

(4) whether the defendant might reasonably be expected to be rehabilitated;

(5) whether it reasonably appears that the defendant will abide by the terms of the probation; and

(6) the interests of society in being protected from possible future criminal conduct of the defendant.

*State v. Trowbridge,* 95 Idaho 640, 641, 516 P.2d 362, 363 (1973). When a sentencing judge has sufficient information at the time of sentencing to deny probation, his refusal to retain jurisdiction for further evaluation is not an abuse of discretion. *State v. Bartholomew,* 102 Idaho 106, 107, 625 P.2d 1109, 1110 (1981); *State v. Dechenne,* 124 Idaho 11, 12, 855 P.2d 472, 473 (Ct.App.1993).

▮▮▮ The record clearly indicates that the district court considered Viehweg's background and character as mitigating factors prior to imposing sentence. However, the breach of trust by a father with regard to his daughter caused the court concern and supported its reasoning not to retain jurisdiction. The court was concerned that even though Viehweg knew J.M. had been sexually abused before the adoption, Viehweg nevertheless continued this abuse over an extended period of time after J.M. came into the Viehweg home. The court agreed with the investigator's conclusion that Viehweg refused to take responsibility for his acts.

The PSI, and testimony provided both at the sentencing hearing and at the Rule 35 hearing, support this conclusion. The record shows that Viehweg believed J.M. "enticed" him into his conduct which he termed "fun and games." He further told the investigator that he did not feel that the abuse was criminally wrong; only morally wrong because he had cheated on his wife. Even though Viehweg expressed remorse for his acts, we agree that the district court did not abuse its discretion when it decided not to retain jurisdiction for the purpose of considering probation.

## III. HEARSAY ALLEGATIONS

Viehweg argues that the admission in evidence of allegations made by one of his biological daughters, which were included in the PSI and provided again by testimony at the sentencing hearing, was error. This daughter told the investigator that on numerous occasions while she was growing up, Viehweg would walk into her bedroom and bathroom when she was nude and watch her. At the sentencing hearing, she further testified to events of this same nature.

▮▮▮ The district court has broad discretion in determining what evidence is to be admitted at a sentencing hearing. *State v. Johnson,* 101 Idaho 581, 583, 618 P.2d 759, 761 (1980). Hearsay evidence in written form is admissible at a sentencing hearing where the defendant is afforded the opportunity to present favorable evidence and to explain or rebut adverse evidence presented. *Id.* A defendant is entitled to challenge the reliability of the hearsay information contained in a presentence report at the sentencing hearing, and to bring to the court's attention at the hearing matters contained in the report which the defendant believes to be inaccurate. *Id.*

▮▮▮ During the sentencing hearing, Viehweg objected to his daughter's allegations of voyeurism which were included in the PSI. He also exercised his opportunity to cross-examine her. This opportunity gave Viehweg the chance to question his daughter's credibility as well as the reliability of the information she presented. We hold that admission of these allegations through the PSI and through testimony, subject to cross-examination at the sentencing hearing, was proper. Thus, the district court appropriately considered this information prior to imposing sentence.

## IV. SENTENCE AND DENIAL OF I.C.R. 35 MOTION

Viehweg asserts that the sentence imposed is illegal because it was excessive. He contends the court should have provided him with more leniency because he is a first-time offender and should have granted his motion under I.C.R. 35 to reduce the sentence.

A motion to reduce an otherwise lawful sentence is addressed to the sound discretion of the sentencing court. I.C.R. 35; *State v. Hooper,* 119 Idaho 606, 608, 809 P.2d 467, 469 (1991); *State v. Forde,* 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct.App.1987). Such a motion essentially is a plea for leniency, which may be granted if the sentence originally imposed was unduly severe. *State v. Caldwell,* 119 Idaho 281, 284, 805 P.2d 487, 490 (Ct.App.1991); *State v. Lopez,* 106 Idaho 447, 450, 680 P.2d 869, 872 (Ct.App.1984). The denial of a motion for reduction of sentence will not be disturbed absent a showing that the court abused its sentencing discretion. An abuse of discretion may be found if the sentence is demonstrated to be unreasonable under the facts of the case. *State v. Morrison,* 119 Idaho 229, 231, 804 P.2d 1360, 1362 (Ct.App.1991); *State v. Nice,* 103 Idaho 89, 90, 645 P.2d 323, 324 (1982).

The criteria for examining rulings denying the leniency requested are the same as those applied in determining whether the original sentence was reasonable. *State v. Gunderson,* 120 Idaho 97, 98, 813 P.2d 908, 909 (Ct.App.1991). A sentence of confinement will be upheld as reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982). In reviewing the reasonableness of a sentence, we treat the minimum period specified by the sentencing judge as a probable duration of confinement. I.C. § 19–2513; *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). To establish that his sentence was improper, Viehweg must show that, in light of the governing criteria, the sentence was excessive under any reasonable view of the facts. *State v. Small,* 107 Idaho 504, 505, 690 P.2d 1336, 1337 (1984). In reviewing the reasonableness of a given sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Young,* 119 Idaho 510, 511, 808 P.2d 429, 430 (Ct.

App.1991); *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982).

If the sentence is not excessive when pronounced, the defendant must show that it is excessive in view of new or additional information presented with his motion for reduction. *State v. Hernandez,* 121 Idaho 114, 117, 822 P.2d 1011, 1014 (Ct.App.1991). When the defendant fails to make this showing, we cannot say that denial of the motion by the district court represents an abuse of discretion. *Hernandez,* 121 Idaho at 117–18, 822 P.2d at 1014–15.

Having reviewed the evidence presented in this case, we are not persuaded that Viehweg's sentence was either improperly imposed or was unreasonable. Idaho Code § 18–1508 provides that any person convicted of lewd conduct with a child under the age of sixteen, is guilty of a felony and shall be imprisoned in the state prison for a term of not more than life. The district court took into consideration that Viehweg had a good employment history, had raised five children of his own, and had previously committed only a few traffic violations. The court also reviewed all of the information in the PSI, including statements of character prepared by family members and friends. However, the court further noted that before J.M. came to the Viehwegs' home, the Viehwegs were aware that J.M. had been previously abused sexually. The court observed that J.M. was in Viehweg's home as a matter of trust, with Viehweg as a father figure, "and you breached that trust by sexually abusing her." Although this was Viehweg's first felony conviction, the crime itself was not an isolated occurrence. The district court commented: "The abuse went on for one and a half to two years. It's not like it's an infrequent situation. And I think that it's just pretty disgusting conduct." After reviewing all of the information submitted at the sentencing proceeding, the district court concluded that the offense charged was very serious when coupled with J.M.'s previous situation. It is clear that the court properly considered the nature of the offense, the character of the offender and the objectives of sentencing in pronouncing the sentence.

Upon reviewing the record, we hold that the district court did not abuse its discretion in imposing the sentence. The unified twenty-year sentence, with five years as a minimum period of confinement, was within the limit provided by I.C. § 18–1508 and was not illegal. The sentence was reasonable under the circumstances present in this case. We also are not persuaded that the district court abused its discretion by denying the motion under Rule 35 to reduce the sentence.

## CONCLUSION

We hold that the district court did not abuse its discretion when it (1) imposed the sentence and denied the Rule 35 motion without conducting a psychological evaluation; (2) refused to retain jurisdiction; and (3) allowed allegations made by Viehweg's daughter which were provided in the PSI and by her testimony at the sentencing hearing. Accordingly, we affirm the judgment of conviction and sentence and the order denying Viehweg's Rule 35 motion.