876 P.2d 164

**Aaron B. FODGE, Sr., Plaintiff–Appellant,**

v.

**STATE of Idaho, Defendant–Respondent.**

No. 20713.

Court of Appeals of Idaho.

June 22, 1994.

Petition for Review Denied July 21, 1994.

Bruce H. Greene, Sandpoint, for appellant.

Larry EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for respondent.

PERRY, Judge.

In April of 1989, Aaron B. Fodge, Sr., was found guilty by a jury of lewd and lascivious conduct with a minor under the age of sixteen. I.C. § 18–1508. The district court sentenced Fodge to life in prison with a minimum period of thirty years' confinement.

Fodge initially appealed his conviction to the Idaho Supreme Court. The conviction was affirmed in January of 1992. *State v. Fodge,* 121 Idaho 192, 824 P.2d 123 (1992).

Following denial of his appeal, Fodge filed an application for post-conviction relief claiming ineffective assistance of counsel during the sentencing and appeal process. Specifically, Fodge alleged that his counsel had: (1) failed to object to certain prejudicial portions of the presentence report; (2) failed to provide either the presentence investigator or the sentencing judge with the results of a polygraphic examination which indicated Fodge had not committed the charged offenses; (3) had failed to provide the appellate court with the presentence investigation report and a transcript of the sentencing hearing; and (4) had failed to properly file a petition for rehearing during the appeal process to correct any error due to the lack of the presentence report and the sentencing transcript. Following an evidentiary hearing, the district court denied the application for post-conviction relief.

Fodge now appeals from the denial of his application for post-conviction relief, alleging that the district court erred by failing to grant relief on the four grounds asserted. For the reasons stated below, we affirm.

## ANALYSIS

We first note that an application for post-conviction relief under I.C. § 19–4901 is a special proceeding, civil in nature, and is an entirely new proceeding, distinct from the criminal action which led to the conviction. *Paradis v. State,* 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986); *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Nellsch v. State,* 122 Idaho 426, 430, 835 P.2d 661, 665 (Ct.App.1992). In a post-conviction proceeding, the burden is on the applicant to establish grounds for relief by a preponderance of the evidence. *Odom v. State,* 121 Idaho 625, 626, 826 P.2d 1337, 1338 (Ct.App. 1992). In order to be granted post-conviction relief, an applicant must show that the "asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt." I.C. § 19–4901(b). Therefore, Fodge bore the burden of proof of establishing inef-

fective assistance by a preponderance of the evidence.

In order to prove a claim of ineffective assistance of counsel, an applicant must show that the attorney's conduct fell below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984); *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). There is a strong presumption that trial counsel's performance falls within the wide range of "professional assistance." *Id.* An applicant must not only show incompetence, but must also show that the deficient conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *State v. Ivey,* 123 Idaho 77, 844 P.2d 706, 709 (1992). In order for the applicant to satisfy the second prong of the *Strickland* test, he or she must establish that there is a reasonable probability that the outcome of the trial would have been different. *Aragon v. State,* 114 Idaho at 761, 760 P.2d at 1177.

In reviewing post-conviction applications, once the district court has denied or granted the application following a hearing as provided in I.C. § 19–4907, the evidence must be viewed most favorably to the trial court's findings. *Storm v. State,* 112 Idaho 718, 720, 735 P.2d 1029, 1031 (1987), *citing Estes v. State,* 111 Idaho 430, 434, 725 P.2d 135, 139 (1986). Findings supported by competent and substantial evidence produced at the hearing will not be disturbed on appeal. *Storm, supra; Holmes v. State,* 104 Idaho 312, 313, 658 P.2d 983, 984 (Ct.App.1983).

Particularly applicable to this case is our Supreme Court's statement that, "The constitutional requirement for effective assistance of counsel is not the key to the prison for a defendant who can dredge up a long series of examples of how the case might have been tried better." *Ivey,* 123 Idaho at 80, 844 P.2d at 709. Fodge has cited four separate instances which he believes demonstrate ineffective assistance of counsel. We will examine each issue separately.

## 1. COUNSEL'S FAILURE TO OBJECT TO INFORMATION IN THE PRESENTENCE INVESTIGATION REPORT.

Fodge alleges that his counsel failed to object to certain improper information contained in the presentence report. Fodge claims his counsel should have objected to statements contained in the presentence report: (1) by the victim's father concerning the impact on the victim, Fodge's family history and other matters related to Fodge's character; (2) by a therapist who had examined the victim relating to the damaging effects caused by the offense; (3) by Fodge's sister relating to an incident of prior abuse, Fodge's attitude toward the law and alleged abuse committed by Fodge's father. Fodge also claims that it was improper for the presentence investigator to comment on Fodge's learning problems and to include in the report a copy of the presentence investigation from a prior conviction for sexual abuse.

We begin by noting that the rules of evidence are not applicable to presentence investigation reports, and evidence that would otherwise be inadmissible at trial may be considered in the trial court's discretion at sentencing. I.C.R. 32(e). The requirements and guidelines for the proper content of a presentence investigation reports are found in I.C.R. 32(b). The purpose of the rule is clearly to provide as much information as possible to the sentencing judge, in order to paint a full picture of the offense, the offender, and the offender's history.

The latitude of the district court in admitting various types of evidence is far greater in sentencing than at trial. *Specht v. Patterson,* 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967). The benchmark for the information is that there must be some assurance that the information is reliable. The accuracy and reliability of the information can best be secured by allowing a defendant a full opportunity to review the report and explain anything he or she believes is inaccurate or to rebut unfavorable evidence.

Provided that a defendant is afforded a full opportunity to present favorable evidence and to explain and rebut adverse evidence, and a reasonable opportunity to examine all of the materials contained in the PSI, the defendant and the court can be assured of the reliability and the fairness of the conclusions presented therein. *State v. Chapman,* 120 Idaho 466, 471, 816 P.2d 1023, 1028 (Ct.App.1991); *see* I.C.R. 32(g).

At the sentencing hearing, Fodge was given, and took advantage of, an opportunity to rebut certain evidence contained in the presentence report. Fodge's counsel corrected a number of factual errors, which the district court properly noted. Fodge now claims that his counsel was ineffective for failing to address other impermissible aspects of the presentence investigation report and to seek to have them removed from the report.

Fodge's first claim is that the statements of the victim's father should have been excluded because I.C.R. 32(b)(1) only allows the victim's version of the events, not a general statement of the impact of the crime and other related matters. This argument ignores the existence of I.C. 19–5306(1)(b) which states, "Upon request, each victim of a felony offense shall be: (b) Consulted by the presentence investigator during the preparation of the presentence report and have included in that report a statement of the impact which the defendant's criminal conduct has had upon the victim." Furthermore, I.C. 19–5304(1) includes in the definition of "victim" the immediate family members of a minor victim. The statements of the victim's father regarding the impact on the victim were properly included in the report and counsel's failure to object to them was not deficient.

■ Although the victim's father also made some seemingly collateral statements, regarding the history and propensities of the Fodge family, we conclude that these statements do not rise to the prejudicial level required by the second prong of the *Strickland* test. We must presume on appeal that a sentencing court is able to ascertain the relevancy and reliability of the broad range of information and material which is present-ed to it during the sentencing process, to disregard the irrelevant and unreliable evidence, and to properly weigh the remaining evidence which may be in conflict. *State v. Campbell,* 123 Idaho 922, 926, 854 P.2d 265, 269 (Ct.App.1993). Therefore, with respect to the statements made by the victim's father, we find no error.

■ Fodge's remaining claims all challenge the reliability and relevance of the statements of Fodge's sister, the presentence investigator, and a therapist who examined the victim. We have reviewed all these challenges and find them without merit. The purpose of the presentence investigation report, as evidenced by I.C.R. 32, is to provide information on the defendant's family history, educational background, social history, and sense of values and outlook on life in general. Further, the investigator is asked to provide his or her own view of the psychological factors surrounding the commission of the crime. All of the information contained in the presentence report relates to these various factors. The failure to object to this evidence was therefore not deficient.

■ With respect to the previous presentence report being included, Fodge does not claim there are mistakes contained therein or that the admission of the prior report was prejudicial. Nor is any authority offered to establish that admission of the prior report is not proper. A defendant's prior criminal activity is a proper consideration for a sentencing judge. *State v. Couch,* 103 Idaho 496, 498, 650 P.2d 638, 640 (1982). Therefore, counsel was not deficient in failing to object to the previous presentence report.

In summary, Fodge has not carried his burden to establish that failure to object to the evidence was deficient assistance by counsel. As such, we must affirm the district court in its denial of the post-conviction application on these grounds.

2. **FAILURE TO PROVIDE RESULTS OF POLYGRAPH EXAMINATION TO PRESENTENCE INVESTIGATOR AND SENTENCING JUDGE.**

■ Fodge claims that his counsel's failure to provide a copy of the results of a

polygraph examination to the presentence investigator and sentencing judge amounted to ineffective assistance. In his brief, Fodge states that the reasoning behind providing the results "would *not* have been to collaterally attack the jury's verdict, but rather to show that perhaps there had been an error made." We fail to see the difference. Once the jury determined Fodge's guilt, the results of the polygraph examination would be entirely irrelevant to sentencing.

In fact, it appears that counsel made a tactical decision not to give the results of the polygraph examination to the presentence investigator and the sentencing judge. At the post-conviction hearing, counsel testified that in his experience, defendants in lewd and lascivious conduct cases who refuse to accept responsibility for their crimes usually end up with harsher sentences than those who admitted responsibility. Providing the report would indicate to the court a continuing denial of responsibility for the crime. Finally, it also appears from the record that the sentencing judge was well aware of the results of the examination.

Fodge has again failed to carry his burden to establish that the conduct of counsel was deficient or that such conduct caused prejudice. The district court did not err in denying the application on these grounds.

### 3. FAILURE TO PROVIDE THE APPELLATE COURT WITH COPIES OF PRESENTENCE REPORT AND TRANSCRIPT FROM SENTENCING.

█ Fodge claims that his counsel failed to provide both the presentence report and a transcript of the sentencing hearing on appeal. There was evidence submitted at the hearing on the application to establish that the Supreme Court had in fact augmented the record on its own motion to include both the presentence report and the transcript of the sentencing. The evidence also indicated that these documents finally reached the Supreme Court one day prior to oral argument. The opinion in *State v. Fodge*, 121 Idaho 192, 824 P.2d 123 (1992), which was released approximately three months after receipt of the report and transcript, seems to indicate that these documents were not considered by the Supreme Court.

Regardless of whether the Supreme Court did or did not consider the presentence report and transcript of sentencing, Fodge has failed to carry his burden to establish prejudice by counsel's failure, as required by *Strickland.* He does not specify what, if any, information in the presentence report would likely have changed the result of the appeal. Our own review of the presentence report reveals that the information therein about Fodge, his history and his prospects for rehabilitation is almost entirely negative. It is not the type of information that probably would have influenced the Supreme Court to reduce his sentence. Nor does Fodge indicate that anything contained in the sentencing hearing might have favorably influenced the ultimate decision on appeal. It is not enough to merely claim that counsel made a mistake without providing some indication of how that mistake affected a substantial right of the defendant. Without such a showing, the district court was correct in denying the post-conviction application on these grounds.

### 4. FAILURE TO FILE A PETITION FOR REHEARING.

█ Fodge also asserts that counsel's failure to file a petition for rehearing following the release of the opinion on appeal amounted to ineffective assistance. This claim is closely related to the claim that the failure to provide the appellate court with the presentence report and sentencing transcript was ineffective assistance. Again, Fodge has not met his burden to prove prejudice. As with our determination above, Fodge does not specify what favorable information the appellate court was lacking and how that information would have changed the result. Without such information, there is no indication that a petition for rehearing would have been granted or that Fodge was prejudiced by the lack of information. The district court was correct in denying the application on these grounds.

### CONCLUSION

1.

Having reviewed the record in this case, we conclude that the district court did not

err in denying Fodge's application for post-conviction relief. The statements included in Fodge's presentence investigation report did not exceed the broad boundaries of what is permissible in such a report. Therefore, counsel's failure to object on those grounds was not deficient. Likewise, failure to provide the presentence investigator and the sentencing judge with the irrelevant results of a polygraph examination was not deficient. Although there was at least some question whether counsel erred by failing to provide the presentence investigation report and sentencing transcript on appeal, Fodge has not demonstrated what prejudice he suffered as a result of the error. Similarly, no prejudice can thus be shown for the failure of counsel to file a petition for rehearing. Therefore, the order of the district court denying the application for post-conviction relief is hereby affirmed.

WALTERS, C.J., and LANSING, J., concur.