**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39085**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 578** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: August 6, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ROBERT DALE BOYD,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction and concurrent unified sentences of thirty years with seven years determinate for lewd conduct with a minor under sixteen, and fifteen years with five years determinate for sexual abuse of a minor under the age of sixteen, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Sallaz & Gatewood, PLLC; David J. Smethers, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jason M. Gray, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

Robert Dale Boyd was convicted of lewd conduct with a minor under sixteen, Idaho Code § 18-1508, and sexual abuse of a minor under the age of sixteen, I.C. § 18-1506, for molestation of his young granddaughters. The district court sentenced Boyd to concurrent unified sentences of thirty years with seven years determinate for lewd conduct and fifteen years with five years determinate for sexual abuse. Boyd filed an Idaho Criminal Rule 35 motion, which the district court denied. Boyd appeals.

1

Boyd first asserts that the district court erred by considering unreliable hearsay contained in the presentence investigation report (PSI) to determine his sentence. The rules of evidence are not applicable to a PSI, and evidence that would otherwise be inadmissible at trial may be considered in the trial court's discretion. *State v. Carey*, 152 Idaho 720, 721, 274 P.3d 21, 22 (Ct. App. 2012); *State v. Rodriguez*, 132 Idaho 261, 263, 971 P.2d 327, 329 (Ct. App. 1998); *Fodge v. State*, 125 Idaho 882, 885, 876 P.2d 164, 167 (Ct. App. 1994). Hearsay information believed to be reliable may be set forth in a presentence report, so long as the defendant is afforded an opportunity to present favorable evidence and to explain or rebut the adverse information. However, hearsay information must be disregarded if there is no reasonable basis to deem it reliable, as where the information is simply conjecture. *See* Idaho Criminal Rule 32(e)(1); *Rodriguez*, 132 Idaho at 263, 971 P.2d at 329; *State v. Viehweg*, 127 Idaho 87, 92, 896 P.2d 995, 1000 (Ct. App. 1995); *Fodge*, 125 Idaho at 886, 876 P.2d at 168; *Cunningham v. State*, 117 Idaho 428, 431, 788 P.2d 243, 246 (Ct. App. 1990); *State v. Eubank*, 114 Idaho 635, 637, 759 P.2d 926, 928 (Ct. App. 1988).

According to the PSI report, Boyd's stepsister, A.S., told the presentence investigator that Boyd sexually molested her "hundreds of times" when she was a child. Boyd objected to this statement on hearsay and foundation grounds, but the district court overruled the objections, noting that hearsay may be admitted at the sentencing phase. The district court found the evidence to be credible because of the similarity of the alleged conduct to the charged offenses and the similarity of the age of A.S. at the time of the alleged abuse to the ages of the victims in this case. Because the court permissibly found the evidence to be reliable, and because Boyd had the opportunity to rebut or explain A.S.'s allegations at the sentencing hearing and to present favorable evidence, the district court did not err by considering A.S.'s statements over Boyd's objections.

A.S. also reported that Boyd abused her older sister and younger brother. Although defense counsel made some reference to uncorroborated multiple hearsay, he did not specifically move to strike the allegation about the older sister and brother; he objected only to "the inclusion in the PSI and the arguments of counsel about anything about [A.S.]." Even if we assume that Boyd's arguments preserved the issue for appeal and that the failure to strike A.S.'s statements regarding the alleged abuse of her siblings was error, we conclude that their inclusion in the PSI was harmless. It does not appear that the district court relied in any way on those allegations in

determining Boyd's sentence. Although the district court did discuss the report of A.S. regarding her own molestation and the harm that it did to her, the court never mentioned her allegations regarding the brother and sister. The district court's comments also make clear that the sentences were based in large part upon the multiplicity of acts of sexual contact with the victims in this case, the tender age of the victims, and the devastating effect that Boyd's criminal acts would likely have on the lives of the victims. The court stated, "He knew it was wrong at every possible level, and he did it anyway . . . ," and "I think the seriousness of the offense alone, and the fact that we are talking two separate children who have been subjected to illegal behavior, I think that it particularly cries out for a penalty." This Court is convinced beyond a reasonable doubt that inclusion of information about A.S.'s brother and sister in the PSI, if error, had no effect on the district court's sentencing decision and therefore was harmless. *See State v. Perry*, 150 Idaho 209, 221, 245 P.3d 961, 973 (2010); *State v. Mitchell*, 146 Idaho 378, 385, 195 P.3d 737, 744 (Ct. App. 2008).

Boyd also argues that his sentences are excessive. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Boyd's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740

P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Boyd's judgment of conviction and sentences, and the district court's order denying Boyd's Rule 35 motion, are affirmed.