IN THE COURT OF APPEALS OF THE STATE OF IDAHO

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | Docket No. 43178 |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARIO KOWAM McCOGGLE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| MARIO KOWAM McCOGGLE, | ) | Docket No. 43179 |
| | ) | |
| Petitioner-Appellant, | ) | 2015 Unpublished Opinion No. 759 |
| | ) | |
| v. | ) | Filed: December 11, 2015 |
| | ) | |
| STATE OF IDAHO, | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| Respondent. | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Order of the district court partially dismissing petition for post-conviction relief, affirmed; judgment of conviction and sentence, affirmed.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah A. Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

In these consolidated cases, Mario Kowam McCoggle appeals from the district court's order summarily dismissing one of the claims from his petition for post-conviction relief. Because the parties had stipulated to his other post-conviction claim, the court reentered

McCoggle's judgment of conviction and sentence so as to allow a direct appeal. He now appeals from that judgment of conviction and sentence alleging that his sentence is excessive. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

McCoggle entered a guilty plea to felony domestic violence in the presence of a child. Idaho Code §§ 18-903(a), 18-918(2), 18-918(4). In exchange for his guilty plea, an additional charge was dismissed. In sentencing McCoggle, the court considered various materials within a presentence investigation (PSI) report. One of the items within the PSI report was a Victim Impact Statement which contained allegations by the victim that McCoggle had abused her seven-year-old son. The PSI also contained a summary of an interview conducted with that same son, who was present during the underlying offense, which contained the son's reports of abusive conduct.

During McCoggle's sentencing hearing, the court specifically asked McCoggle if he had received the PSI report and had adequate time to review the materials. McCoggle answered affirmatively. The court then provided McCoggle with the opportunity to object to and rebut the information within the PSI report. His trial counsel took advantage of that opportunity by calling attention to a number of factual errors, which the district court corrected. Counsel also disputed other allegations within the report, which the court properly noted. The court then specifically asked, "Mr. McCoggle, anything in these materials you believe to be inaccurate that you wish to call to my attention that your attorney has not?" McCoggle answered, "No, sir." The court sentenced McCoggle to a unified sentence of fifteen years with five years determinate.

McCoggle timely appealed his judgment of conviction and sentence. He also filed an Idaho Criminal Rule 35 motion, which the district court denied. McCoggle then appealed the denial. This Court consolidated the appeals, ultimately dismissing McCoggle's direct appeal and affirming the denial of his Rule 35 motion. *State v. McCoggle*, Docket Nos. 40610 and 40906 (Ct. App. Sept. 20, 2013) (per curium) (unpublished).

McCoggle then filed a pro se petition for post-conviction relief. The district court appointed counsel as to certain claims and gave notice of its intent to dismiss others. Appointed counsel then filed a supplemental amended petition, alleging ineffective assistance of trial counsel (Count I) and ineffective assistance of appellate counsel (Count II). The court then

noticed its intent to dismiss Count I and set the issue of Count II for an evidentiary hearing. In response, the State and McCoggle stipulated to the reentry of the judgment of conviction so as to allow a direct appeal. The court entered judgment dismissing Count I and granting relief on Count II in the post-conviction case. The court then entered a superseding judgment of conviction and sentence in the criminal case.

In a consolidated appeal, McCoggle now appeals the district court's summary dismissal of his post-conviction claim of ineffective assistance of trial counsel, and McCoggle contends his sentence is excessive.

## II.

## ANALYSIS

McCoggle argues that the district court erred in summarily dismissing his claim of ineffective assistance of trial counsel. He also argues that the district court abused its discretion in imposing an excessive sentence. We address each issue in turn.

### A.      Ineffective Assistance of Counsel

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from

3

the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925,

929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923.  Over questions of law, we exercise free review.  *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act.  *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992).  To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995).  To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness.  *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988).  To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different.  *Id.* at 761, 760 P.2d at 1177.  To avoid summary dismissal, a post-conviction claim of ineffective assistance of counsel must sufficiently allege facts under both prongs of the test.  *Roman*, 125 Idaho at 649, 873 P.2d at 903.  Bare assertions, unsupported by specific facts, do not suffice to show ineffectiveness of counsel.  *State v. Rendon*, 107 Idaho 425, 427, 690 P.2d 360, 362 (Ct. App. 1984).

McCoggle argues that his trial counsel was deficient for failing to move to strike "extensive unproven allegations of child abuse" contained within the PSI.  To survive summary dismissal under the first prong of the *Strickland* test, McCoggle must allege facts that, if true, would show that his attorney's failure to move to strike was *objectively* deficient.

A sentencing court is free to consider the results of a PSI report so long as reliability of the information is ensured by allowing the defendant an adequate opportunity to review the PSI, explain or rebut adverse information, and object to any inaccuracies.  I.C.R. 32(g)(1); *State v. Campbell*, 123 Idaho 922, 926, 854 P.2d 265, 269 (Ct. App. 1993).  Such a report may contain evidence that would otherwise be inadmissible at trial such as hearsay or evidence of charges which have not yet been proved.  *Campbell*, 123 Idaho at 926, 854 P.2d at 269.  This latitude is premised upon providing the court with access to as much information about the defendant as possible to facilitate the imposition of an appropriate sentence.  *Fodge v. State*, 125 Idaho 882, 885-86, 876 P.2d 164, 167-68 (Ct. App. 1994) ("The purpose of the [PSI] . . . is to provide information on the defendant's family history, educational background, social history, and sense

5

of values and outlook on life in general."). However, a PSI may not include evidence that is merely speculation or conjecture. I.C.R. 32(e); *State v. Molen*, 148 Idaho 950, 961, 231 P.3d 1047, 1058 (Ct. App. 2010).

During McCoggle's sentencing hearing, the court specifically asked McCoggle if he had received the PSI report and had adequate time to review the materials. McCoggle answered affirmatively. The court then provided McCoggle with the opportunity to object to and rebut the information within the PSI report. His trial counsel took advantage of that opportunity by calling attention to a number of factual errors, which the district court corrected. Counsel also disputed other allegations within the report, which the court properly noted. The court then specifically asked, "Mr. McCoggle, anything in these materials you believe to be inaccurate that you wish to call to my attention that your attorney has not?" McCoggle answered, "No, sir."

In his petition, McCoggle does not assert that the allegations were unreliable, false, or otherwise inaccurate; McCoggle merely argues that counsel's failure to move to strike was itself deficient. In summarily dismissing the claim, the district court found that the record conclusively rebutted McCoggle's claim that counsel's lack of objection was deficient. The district court also found that McCoggle presented no evidence to rebut the presumption of counsel's competence. *See Pratt v. State*, 134 Idaho 581, 584, 6 P.3d 831, 834 (2000) (holding "strategic and tactical decisions will not be second guessed or serve as a basis for post-conviction relief . . . unless the decision is shown to have resulted from inadequate preparation, ignorance of the relevant law, or other shortcomings capable of objective review").

We agree with the district court in both regards. McCoggle's own failure to address the allegations, when provided the specific opportunity, supports a probable inference that he had no objection to the information within the PSI. Counsel's reliance on McCoggle's affirmation to the judge that he had no other issues with the PSI was objectively reasonable. Further, McCoggle provides neither argument nor authority to support finding that the information within the PSI was of such a nature that it was objectively prohibited. I.C.R. 32(e)(1) (stating "conjecture and speculation should not be included in the [PSI]"); *Molen*, 148 Idaho at 962, 231 P.3d at 1059 (holding that hearsay evidence is permissible in PSI where it is reliable). Additionally, McCoggle provides neither evidence nor argument to support finding that, had counsel moved to strike the allegations, the motion would have been successful. *See Cooke v. State*, 149 Idaho 233, 246, 233 P.3d 164, 177 (Ct. App. 2010) ("In determining whether an

attorney's failure to pursue a motion in the underlying criminal action constitutes ineffective assistance of counsel, this Court may consider whether the motion would have been successful."). Therefore, McCoggle's claim fails under the first prong of *Strickland*.

Assuming, arguendo, that counsel's failure to move to strike was objectively deficient, McCoggle's claim also fails on the prejudice prong of *Strickland*. The information at issue consisted of allegations of uncharged misconduct, which courts may, with due caution, properly consider during sentencing. *See, e.g.*, *State v. Ott*, 102 Idaho 169, 170, 627 P.2d 798, 799 (1981); *State v. Thomas*, 133 Idaho 800, 804, 922 P.2d 795, 799 (Ct. App. 1999). We presume that a sentencing court is able to ascertain the relevancy and reliability of the broad range of information and material which is presented to it during the sentencing process, to disregard the irrelevant and unreliable evidence, and to properly weigh the remaining evidence which may be in conflict. *State v. Pierce*, 100 Idaho 57, 58, 593 P.2d 392, 393 (1979). McCoggle does not argue, nor does the record support finding, that the court placed undue consideration on the unproven allegations within the PSI. Therefore, because McCoggle's claim fails under both prongs of *Strickland*, he has failed to raise a genuine material of fact as to his ineffective assistance of counsel claim for counsel's failure to move to strike the allegations from the PSI.[1]

B.    **Excessive Sentence**

The other claim in McCoggle's amended post-conviction petition alleged ineffective assistance of appellate counsel. Both parties stipulated to this claim, resulting in the court reentering McCoggle's judgment of conviction and sentence so as to allow a direct appeal. Thus, we now consider McCoggle's direct appeal that his unified sentence of fifteen years with five years determinate is excessive. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992).

---

[1]    Somewhat inclusive in McCoggle's ineffective assistance claim is his contention that counsel was deficient for not presenting evidence mitigating the allegations. A failure to present available mitigating evidence during sentencing can constitute ineffective assistance of counsel warranting post-conviction relief. *Grant v. State*, 156 Idaho 598, 609, 329 P.3d 380, 391 (Ct. App. 2014). However, in his petition, McCoggle has not even suggested that such mitigating evidence exists. Nor does he suggest how such evidence would create a reasonable probability of a different outcome. McCoggle's bare assertion, unsupported by fact, is insufficient to raise a material issue of disputed fact as required to survive summary dismissal.

7

A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Applying these standards and having reviewed the record in this case, we cannot say that the district court abused its discretion. In imposing its sentence, the court considered the relevant factors and sentencing objectives. The court noted the seriousness of the attack and the significance of the injury inflicted upon the victim. The court also reasoned that because the attack took place in the presence of a child, a more severe treatment of the offense was justified. Here, the record does not demonstrate that the sentence is excessive under any reasonable view of the facts. The sentence imposed is reasonable for the protection of society and for achieving deterrence. Therefore, the district court acted within its discretion.

### III.

### CONCLUSION

For the reasons set forth above, the district court properly dismissed McCoggle's post-conviction claim of ineffective assistance of counsel. Additionally, McCoggle has failed to show that his sentence is excessive. Therefore, the district court's order partially dismissing McCoggle's petition for post-conviction relief is affirmed. McCoggle's judgment of conviction and sentence is affirmed.

Judge GRATTON and Judge HUSKEY **CONCUR**.